IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH BOWMAN, | * | |
| Plaintiff, | * | Civil Action No. RDB-18-3165 |
| v. | * | |
| JACK COOPER TRANSPORT CO. INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Keith Bowman ("Plaintiff" or "Bowman") initiated this action in the Circuit Court for Howard County, Maryland, against his former employer, Jack Cooper Transport Co. Inc., ("Defendant" or "Jack Cooper"). Bowman alleges that Jack Cooper terminated his employment solely because he filed a worker's compensation claim and brings a single state law claim of wrongful discharge. (Compl. at ¶ 12, ECF No. 1-2.) On October 12, 2018, Defendant removed the case to this Court. Defendant contends that this Court may exercise subject matter jurisdiction over Plaintiff's state law claim, *see* 28 U.S.C. §§ 1331 and 1337, because it is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185(a). (Notice of Removal, ECF No. 1.)

Currently pending before this Court are Defendant's Motion to Dismiss (ECF No. 5) and Plaintiff's Motion for Remand (ECF No. 10). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiff's Motion for Remand (ECF No. 10) is DENIED.

1

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). This Court may also consider documents attached to a motion to dismiss so long as they are "integral to the complaint and authentic." *Thompson v. United States*, RDB-15-2181, 2016 WL 2649931, at *2 n.4 (D. Md. May 10, 2016), *aff'd* 670 F. App'x 781 (4th Cir. 2016) (citation omitted).

On September 21, 2015, Bowman suffered a rotator cuff tear in his left shoulder while working as a driver for Jack Cooper Transportation Co. Inc. ("Defendant"). (Compl. ¶ 5, ECF No. 1-Ex. A.) On October 19, 2015, he filed a worker's compensation claim relating to the accident and received temporary total disability benefits from September 22, 2015 to May 5, 2016, paid temporary partial disability from May 6, 2016 to September 10, 2016, and was awarded a permanent partial disability rating of 17% industrial loss for the left shoulder. (*Id.* at ¶ 8.) Plaintiff was released to return to work in September 2016 but continued to suffer worsening pain in his left shoulder, which resulted in his leaving work on July 10, 2017. (*Id* at ¶ 9.) On August 10, 2017, Plaintiff petitioned to reopen his worker's compensation claim and sought additional temporary total disability payments and authorization for additional medical treatment and physical therapy. (*Id.* at ¶ 10.)

The Defendant Jack Cooper terminated Bowman's employment on October 20, 2017[1] prior to any hearing on Plaintiff's amended worker's compensation claim. (*Id.* at ¶ 11.) As Bowman was a union-represented employee, his termination was governed by a Collective Bargaining Agreement ("CBA") between the International Brotherhood of Teamsters and Jack Cooper. (Def.'s Mot. Dismiss, Ex. B, ECF No. 5-3, hereinafter "Def. Ex. B".) On August 22, 2018, following grievance procedures prescribed by the CBA, a Board of Arbitration upheld the Defendant's decision to terminate Bowman's employment. (*Id.*) The Board concluded that Jack Cooper was "justified in concluding that [Bowman] was exaggerating his shoulder pain in order to increase his worker's compensation benefits." (*Id.*)

On September 6, 2018, Plaintiff filed a one-Count wrongful discharge claim against Defendant in the Circuit Court for Howard County alleging that Jack Cooper, in violation of Maryland public policy, terminated his employment solely because he filed a worker's compensation claim. (Notice of Removal at ¶ 1, ECF No. 1); *See* Md. Code Ann. Lab. & Empl. § 9-1105 ("An employer may not discharge a covered employee from employment solely because the covered employee files a claim for compensation under this title.") On October 12, 2018, Defendant timely removed the case to this Court, arguing that Plaintiff's wrongful discharge claim is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *et. seq.*, thereby conferring federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. (Notice of Removal at ¶ 4, ECF No. 1.) On October 16, 2018, Defendant

---

[1] Bowman's Complaint alleges that his employment was terminated on October 20, 2017. (Compl. ¶ 11) The arbitration decision, discussed *infra*, claims that he was fired on October 10, 2017. (Def. Mot. Dismiss, Ex. B, ECF No. 5-3.) The discrepancy is irrelevant to this Court's analysis.

3

filed a Motion to Dismiss for Failure to State a Claim (ECF No. 5). On November 12, 2018, Plaintiff filed a Motion to Remand (ECF No. 10).

**STANDARD OF REVIEW**

**I.     Motion to Remand**

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

**II.    Motion to Dismiss for Failure to State a Claim**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set

forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, a court " 'must accept as true all of the factual allegations contained in the complaint' " and must " 'draw all reasonable inferences [from those facts] in favor of the plaintiff.' " *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678.

In reviewing a Motion to Dismiss, this Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004). As such, this Court takes judicial notice of the CBA Agreement attached as Exhibit A to the Defendant's Motion to Dismiss (ECF No. 5-2) and the Arbitration Panel's Decision, attached as Exhibit B to the Defendant's Motion to Dismiss (ECF No. 5-3). Both documents concern the procedures governing Plaintiff's employment termination, which are essential to this suit, and Plaintiff does not challenge their authenticity. *See, e.g.*, *Mayo v. Bd. of Educ.*, 797 F. Supp. 2d 685, 689 n.3 (D. Md. 2011) (considering an arbitration decision at motion to dismiss stage which Plaintiff had not attached to the Complaint); *Heade v. Wash. Metro. Area Transit Auth.*, 09-02460 (ESH), 2010 WL 938462 (D.D.C. March 12, 2010) (taking judicial notice of an arbitration decision attached to Defendant's motion to dismiss and dismissing Plaintiff's wrongful discharge claim), *aff'd*, No.

10-7043, 2010 WL 3521596 (D.C. Cir. Sept. 2, 2010) (per curiam), *cert. denied*, No. 10-9829, 536 U.S. 1037, 131 S. Ct. 2983 (Mem).

## ANALYSIS

Defendant Jack Cooper seeks dismissal of Bowman's Complaint, contending that its sole Count—a wrongful discharge claim under Maryland law—is preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Alternatively, Jack Cooper argues that Bowman's claim lacks merit because an arbitration panel has already determined that it had good cause to terminate Bowman's employment. Bowman opposes the Motion to Dismiss and seeks remand to state court, arguing that his state law claim is not preempted by Section 301.

> Section 301 of the Labor Management Relations Act provides:
>
> Suits for violation of contracts between an employer and a labor organiation representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The law "not only provides federal courts with jurisdiction over employment disputes covered by collective bargaining agreements, but also directs federal courts to fashion a body of federal common law to resolve such disputes." *Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 107 (4th Cir. 2014) (quoting *McCormick v. AT&T Tech., Inc.*, 934 F.2d 531, 534 (4th Cir. 1991) (en banc)). To ensure uniformity of federal policy and "to protect the power of arbitrators," Section 301 completely preempts state law actions seeking to rectify violations of contracts between employers and labor organizations. *Barton*, 745 F.3d at 107 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23, 103 S. Ct. 2841

6

(1983)).

To determine whether Section 301 preempts a state law claim, a court must consider if the "resolution of the state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 937 (4th Cir. 1991) (quoting *Allis-Chalmers v. Lueck*, 471 U.S. 202, 202, 105 S. Ct. 1904 (1985)). If such interpretation is required, then the claim is preempted by federal law. *Clark*, 937 F.2d at 937. Preemption is not triggered, however, when the state law claim presents "nonnegotiable rights conferred on individual employees as a matter of state law." *Davis v. Bell Atlantic-West Virginia, Inc.*, 110 F.3d 245, 247 (4th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123, 114 S. Ct. 2068 (1994)).

"A colorable state-law cause of action is a predicate to a § 301 preemption claim." *Childers v. Chesapeake and Potomac Tel. Co.*, 881 F.2d 1259, 1262 (4th Cir. 1989) (quoting *Washington v. Union Carbide Corp.*, 870 F.2d 957, 959 (4th Cir. 1989)). To prevent the expense of judicial resources on meritless state law claims, federal courts may pass upon the validity of state law claims in an action removed based on Section 301 before settling the preemption issue. *Childers*, 881 F.2d at 1267; *see also Blank v. Giant of Maryland, LLC*, MAB 14-CV-01722, 2014 WL 3866017, at *3 (D. Md. Aug. 5, 2014) ("In its discretion, the court may . . . address the validity of the state claim prior to the preemption analysis." (citing *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 773 (4th Cir. 1998))); *Preston v. Mountainside Transp., Inc.*, 795 F. Supp. 159, 162 (D. Md. 1992) (granting summary judgment on plaintiff's abusive discharge claim before conducting Section 301 preemption analysis). State law claims which are "patently without merit" may be dismissed with prejudice. *Childers*, 881 F.2d 1259, 1262 (4th Cir. 1989).

7

In this case, Bowman brings a single claim of wrongful discharge under Maryland law based on his employer's alleged decision to terminate his employment solely based on his pursuit of a worker's compensation claim. Under Maryland law, an employee may pursue a wrongful discharge claim based on a clear violation of public policy. *Yuan v. Johns Hopkins University*, 452 Md. 436, 450, 157 A.3d 254 (2017). Maryland law embodies a clear public policy against discharging "a covered employee from employment *solely* because the covered employee files a claim for compensation . . . ." Md. Code, Labor and Employment § 9-1105(a) (emphasis added). To prevail on a wrongful discharge claim based on a violation of Section 9-1105(a), an employee must ultimately prove that his employer terminated his employment solely based on the filing of a worker's compensation claim. *Kern v. South Baltimore General Hosp.*, 66 Md. App. 441, 447-48, 504 A.2d 1154 (Md. Ct. Spec. App. 1986) (interpreting the language of Section 9-1105 (formerly Article 101, Section § 39A) narrowly so as to require termination solely on the basis of filing a claim).

An arbitral decision concluding that an employer had "just cause" to fire an employee estops the employee from later claiming that his employment was terminated solely because he filed a worker's compensation claim. Maryland's highest court clearly established this rule in *Ewing v. Koppers Co., Inc.*, 312 Md. 45, 537 A.2d 1173 (1988). In that case, Lawton Edward Ewing ("Ewing") alleged that his employment had been terminated in retaliation for filing a worker's compensation claim. *Id.* at 48, 537 A.2d at 1174. The Maryland Court of Appeals rejected Ewing's claim, noting that, in accordance with the governing CBA procedures, an arbitrator had found that Ewing's employer had "just cause" to terminate his employment. *Id.* at 56, 537 A.2d at 1178. Specifically, the Court reasoned that the arbitrator's finding had issue

8

preclusive effect and foreclosed any future attempts to prove that he had been fired solely because he had filed a worker's compensation claim. *Id.* In reaching this conclusion, the Court emphasized that the failure to attach issue preclusive effect to arbitration decisions reached in labor disputes would frustrate the "federal labor-contract scheme" established by Section 301 of the LMRA. *Id.* at 52, 537 A.2d at 1176.

The federal courts have repeatedly recognized *Ewing*'s holding and rejected wrongful discharge claims that seek to side-step adverse arbitral findings. In *Childers*, the United States Court of Appeals for the Fourth Circuit recognized that if an "arbitrator finds . . . that the employer had just cause for discharging the employee, Maryland law will not provide a supplemental state-law remedy for wrongful discharge. In such a case, an employee could not have been discharged 'solely' for filing a worker's comensation claim . . . ." *Childers*, 881 F.2d at 1264 (citing *Ewing*, at 312 Md. at 57). The Fourth Circuit expressly permitted the lower courts to dismiss such claims without conducting a full-fledged preemption analysis. *Childers*, 881 F.2d at 1262.

Following the rule established in *Ewing*, the United States Distict Court for the District of Columbia has held that an arbitral finding that an employee has dishonestly obtained worker's compensation benefits forecloses that employee from subsequently claiming wrongful discharge in court. *Heade v. Wash. Metro. Area Transit Auth.*, 09-02460 (ESH), 2010 WL 938462, at *2 (D.D.C. Mar. 12, 2010) (citations omitted), *aff'd*, No. 10-7043, 2010 WL 3521596 (D.C. Cir. Sept. 2, 2010) (per curiam), *cert. denied*, No. 10-9829, 536 U.S. 1037, 131 S. Ct. 2983 (Mem). *Heade* arose from the Washington Metropolitan Area Transit Authority's (WMATA) decision to terminate an employee, Myrtle Heade, for making false statements to

9

obtain worker's compensation benefits. *Id.* at *1. Heade challenged her termination by filing a grievance. *Id.* An arbitration panel concluded that Heade had in fact made "false testimony and statements" to obtain workerer's compensation benefits. *Id.* The Court granted WMATA's Motion to Dismiss and concluded that, under Maryland law, an "arbitral finding that plaintiff was properly terminated for making false statements collaterally estops plaintiff from showing that she was fired in violation of § 9–1105." *Id.* at * 2. The United States Court of Appeals for the District of Columbia Circuit affirmed, stating that "[t]he arbitral finding that appellant was terminated, at least in part, for filing a false report precludes her from demonstrating that she was fired solely in retaliation for filing a worker's compensation claim." *Heade v. Wash. Metro. Area Transit Auth.*, 10-7043, 2010 WL 3521596, at *1 (D.C. Cir. Sept. 2, 2010) (citations omitted).

As these cases make clear, Bowman's sole state-law claim is meritless and must be dismissed because it has already been resolved in arbitration. In this case, as in *Heade*, a Board of Arbitration Panel assembled to hear arguments concerning the propriety of Bowman's employment termination. The Panel framed its task as answering the "straightforward question of whether [Bowman] was dishonest in July 2017 when he claimed an inability to work due to the continuing effects of his 2015 injury." (Def. Ex. B.) The panel ultimately concluded that Jack Cooper's decision to terminate Bowman's employment was jusitifed, as there was evidence that Bowman had exaggerated the nature and extent of his injuries to obtain worker's compensation benefits. (*Id.*) To reach this conclusion—nearly identical to the one reached in the *Heade* arbitration—the panel credited a September 18, 2017 independent medical examination which found that Bowman's "recovery had been excellent, and that he

10

was free to resume full activities without limitation." (*Id.*) The Panel also cited a July 25, 2017 videotape which showed Bowman using his left arm to remove a door from its hinges and freely entering and exiting an automobile. (*Id.*) Any future finding that Bowman's employment had been terminated *solely* because he had filed a worker's compensation claim—rather than because of his employer's jusitifiable belief that he had made misrepresentations about the nature and extent of his injury—would contradict the findings of the Arbitration Panel. The Maryland Court of Appeals in *Ewing v. Koppers Co., Inc.*, 312 Md. 45, 537 A.2d 1173 (1988) recognized the importance of arbitral decisions in the federal scheme established by Section 301 of the Labor Management Relations Act. Bowman's claims clearly fail under Maryland law and his Complaint must be dismissed.

Bowman counters that *Ewing* and *Childers* no longer control because their holdings were modified by subsequent decisions in *Finch v. Holladay-Tyler Printing, Inc.*, 322 Md. 197, 586 A.2d 1275 (1991) and *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392 (4th Cir. 1994). (ECF No. 9, at ¶ 10.) These cases, however, hold only that Maryland law does not require Plaintiffs to exhaust grievance procedures before asserting a wrongful discharge claim. *See Finch*, 322 Md. at 207 ("It is not necesssary that Finch first exhaust the CBA grievance procedures."); *Martin Marietta Corp.*, 38 F.3d at 1402 (recognizing that *Finch* took a "modified view of the exhaustion requirement"). Both cases noted that arbitration proceedings do not necessarily resolve wrongful discharge claims, as a collective barganing agreement may permit an employment termination which state law prohibits. *Id.* Neither case, however, squarely confronted the preclusive effect of an arbitrator's factual findings on subsequent state law claims. *Ewing* and *Childers*' clear prohibition against filing state law wrongful discharge claims

subsequent to an adverse arbitral decision therefore remains undisturbed. As the arbitral determination in this case precludes Bowman's wrongful termination claim, it must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiff's Motion for Remand (ECF No. 10) is DENIED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: July 1, 2019

                                                    /s/
                                        Richard D. Bennett
                                        United States District Judge